Sewall, J.
Enoch Poor and others, the demandants, in a plea of
land in the nature of a writ of right, declare upon the seisin of their ancestor within sixty years, and aver his death, and a descent of the right to them. The action is for two lots of land in Bridgetown. The tenant tenders an issue upon the right, which is joined.
* At the trial, the tenant relied principally upon a re- [ * 134 ] lease, obtained since the commencement of this action, from two of the demandants, Enoch Poor and Thomas Poor, whereby they, as executors of Thomas Poor, the father, and authorized by his will to sell all his outlands to the best advantage they can, and with the proceeds, &c., to discharge all his just debts, remise, release, and quitclaim, to the tenant all the right of which the testator died seised in and to his said lots in Bridgetown.
This release was admitted in evidence at the trial, and the jury were instructed to consider it as an extinguishment of the right and title of the demandants, supposed to be derived from their father; and the tenant obtained a verdict. The demandant excepted to the decision of the judge, and the parties have been fully heard upon these exceptions.
The release is said to be inadmissible, because it was evidence obtained after the commencement of the action; and it is argued that the rights of the parties are to be tried and determined as they *142 were at that time; and that it is sufficient for the demandants, in maintaining this action, to prove themselves entitled when the suit was commenced; and that a conveyance of this nature is not to be received as evidence upon the general issue, but is to be pleaded.
- But we do not find this strictness warranted by the authorities. With the exception only of a collateral warranty, every thing else may "be given in evidence upon the general issue in a writ of right. The demandant ought not to prevail against his own release and extinguishment of title, granted to the tenant himself. It is not a collateral matter, or an advantage provided by statutes, which the tenant is at liberty to waive or insist on, as he pleases; but it goes to the merits of the question in issue, as directly as any evidence that can be offered. (1)
In the case of Everenden vs. Beaumont, in our reports, (2) a release, obtained by the tenant after the commencement of the suit, was pleaded. But that was a writ of entry in the post; and the release, under those circumstances, might not have been [ * 135 ] proper evidence on the general issue * of non disseisimi.
The tenant in that case prevailed upon this plea; and it was not suggested to be an insufficient defence, on the ground that it was obtained after the commencement of the suit. If, notwithstanding that objection, a release is a sufficient defence, being pleaded, it must avail also as evidence upon the general issue.
In Bird vs. Randall, reported by Burrow, which was an action of the case for enticing the plaintiff’s servant, a satisfaction paid by the servant after the commencement of the suit, and after the general issue pleaded by the defendant, was admitted as proper evidence to bar the plaintiff’s demand, as going to the merits of it, and not operating as a collateral matter.
Upon the whole, we think the release was properly admitted at the trial, as evidence for the tenant upon the general issue; notwithstanding the objection of its being obtained after the commencement of the suit, (a)
There is, however, a further objection. The release not being by all the demandants, its operation as evidence remains to be considered. The authority of the two demandants, who are executors of Thomas Poor, to sell his outlands for the payment of his debts, is proved by the will. But it is objected that this authority was restricted to the payment of debts; and there was some evidence *143 at the trial, from which it might have been inferred that the testator’s debts had been, before the date of this release, either discharged or at least compromised. This might be true, and yet the executors in advance for the estate, or personally liable; and the authority to them is general, and rather directed than limited, by the purpose to which the proceeds of the sale were to be applied. Besides, the testator supposes a sale exceeding the amount of his debts, because he further directs a distribution of the residue among his children and heirs.
There is, however, another objection, which we think conclusive against this release, as operating, by the authority given to the executors, in the will of Thomas Poor. It is, #that [ * 136 j it appears, by the other evidence produced for the tenant, that the testator had no seisin of the two lots in controversy at the time of making his will, or at the time of his death. The father of the tenant had entered under the deed to him from the committee of the proprietors of Bridgetown; and Thomas Poor, the testator, remained disseised at the time of his death.
Perhaps a devise of his right and interest to the disseisor by name, recognizing his possession, might have had its proper effect. But these lands, or the right of the testator in them, were not transferable or devisable to any other person ; and, as the purchaser from the executors must be in by the will, and is only to be nominated by their deed, we think the will in this respect, and under these circumstances, inoperative ; and that the executors had no authority thereby to sell these lands, or release the right of the testator. (3) That this deed may avail under the authority devised to the executors, it is necessary to consider that devise as good to every purpose, and to any purchaser. The decision at the trial was in this respect erroneous, and there must be a new trial.
This being granted, there remains another question to be settled, which has been argued. Inoperative as the release by the executors was, as depending upon the authority devised to them, yet it is a release by two of the demandants ; and they, at least, are not now entitled, against their own bargain and contract with the tenant. So far the right descending from the testator is extinguished, and the title of the tenant is confirmed. And whether, after this, the other demandants can proceed upon this writ, is to be considered. They cannot without a summons and severance; and this remedy they would be entitled to, if a joinder of all the children had been necessary. But since the statute of 1785, c. 62, <§> 3, it is not necessary. And we are at present inclined to the opinion that the *144 demandants must discontinue as to this action, and those who have -not released will be at liberty to begin anew.
* Thatcher, J., expressed his concurrence in the foregoing opinion, except so far as it decides the release
by the executors.to have been void.
The verdict being set aside, the demandants had leave to discontinue ; and judgment was rendered for

Costs for the tenant.

 3 Wils. 420. — 3 Burr. 1353, Bird vs. Randall.—Doug. 112. — 3 D. & E. 188.

 7 Mass. Rep. 76.

 [Vide De Bret vs. Papillon, 4 East, 502. — Harris vs. James, 9 East, 82.-Saund. on Pl. and Ev. 723. — Ed.]

 Gilb. L. of Dev. 134,142.