## LOUISA DELAY *vs.* NATHANIEL VINAL.

A testator devised to his wife all his property, during her widowhood, subject to his debts and the legacies bequeathed by him, and appointed her his executrix. He also authorized her, during her widowhood, to sell and convey so much of his real estate as she might judge necessary and expedient for payment of his debts, and for her support and that of her children, and for their education. She accepted the trust of executrix and administered upon the estate. She sold, within two years, part of the real estate, under the authority in the will, and shortly after married again. After her second marriage, she sold the residue of the real estate, for payment of debts, under a license of court, and executed deeds thereof, in which her husband joined, making no reservation therein of her right of dower, and being under no misapprehension concerning the condition of the estate. Thirteen years after the death of her second husband, she first claimed dower in the estate sold under said license.

*Held* that she had accepted the provision made for her in the will, and that her claim to dower was thereby barred.

WRIT of dower. The demandant claimed dower as widow of John Tilley, and the parties submitted the case to the court on the following facts : John Tilley died in 1822, and by his will, which was proved and allowed in August of that year, appointed the demandant his executrix, and she accepted the trust. In the said will was this clause ; " after the payment of all my just debts, and charges on my estate, I give and devise to my wife Louisa Tilley," (the demandant,) " all the rest and residue of my estate, real and personal, subject to the legacies hereafter given, to her for the term of her widowhood and life. And I do fully authorize and empower the said Louisa, so long as she shall continue my widow, to sell and dispose of any and all such real estate, so devised, as she may judge necessary and expedient to pay off and discharge my debts, which may be due from my estate, and also for the comfortable support and maintenance of

herself and children, and for their education.  And such deeds, executed by said Louisa, shall make a good and sufficient title in fee, to such estate.  But in case the said Louisa should again marry, the devise aforesaid and the powers aforesaid are hereby revoked, and I do then give and devise to said Louisa one third of all such estate, real and personal, as shall then remain undisposed of, for the term of her natural life."

By the inventory of the real and personal estate of the testator, which was returned by the executrix to the probate court, on the 9th of September, 1822, it appeared, that besides two undivided fifth parts of a wharf and flats, said Tilley died seized of two thirds of a lot of land at the corner of Charter and Lynn Streets, in the city of Boston, an estate near Cross Street, and a part of Green Island, and also a farm in Douglas, the whole of which was appraised at the sum of twelve thousand and eight dollars.  On the 25th of August, 1823, the executrix settled her first account, and charged herself with the personal estate, and with the proceeds of the sale of said Green Island.  She also sold, in the same year, the farm in Douglas, under the power in the will ; the proceeds, however, were not credited, until the rendering of her second account of her administration, in April, 1824.  At the time of rendering her first account, she filed a list of debts and represented the estate to be insolvent. Commissioners were appointed, who reported the amount of the claims of the creditors, by them allowed, to be $2276·39 exclusive of those secured by mortgage ; but the estate was never decreed to be insolvent.  The executrix intermarried with John Delay in the early part of the year 1824, and he died in the year 1835.  She, with said Delay, her husband, presented a petition, in her capacity of executrix, to the court of common pleas for the county of Suffolk, for leave to sell said two undivided fifth parts of said wharf and flats, and said two thirds of the lot at the corner of Charter and Lynn Streets, for the payment of the debts of said Tilley, as by a partial sale thereof the residue would be injured.  This petition, after due notice, was granted at the October term of the year 1824.  And the executrix, having conformed to the law in such cases provided, duly sold

Delay *v.* Vinal.

said estates at public auction, and on the 3d of November fol-
lowing, she and said Delay, her husband, duly made, acknowl-
edged, and delivered deeds to the purchasers. There was no
reservation in the deeds, by the said executrix and her said hus-
band, of any interest or right in said premises on her part, nor
was any such claim or reservation made either in the petition for
the license, or in the advertisements of the sale, nor at the said
auction. Shortly afterwards, the said executrix and said Delay,
her husband, settled a final account of the administration of the
estate of said Tilley, and therein charged themselves with the
proceeds of the said sales of said estate and the other assets,
and claimed an allowance for the payment of the mortgages and
the debts of the testator ; and there remained in their hands a
balance in money amounting to $ 2073. This account was al-
lowed by the judge of probate. At the time of the death of
said Tilley, both said two undivided fifth parts and said two
third parts, disposed of at said auction, were subject to mortga-
ges made by the testator as collateral security for the payment
of his promissory notes, amounting, at the time of sale, to
$ 3546·79, which sum was paid from the proceeds of said sale,
and the payment thereof was allowed to the executrix in her
third and last account. The estate near Cross Street remained
in the occupation of the demandant, and was appraised in the in-
ventory at the sum of $ 2800. The demandant claims dower,
in this action, in that part of said two undivided fifths of said
wharf and flats, which was assigned, on a partition, to the assignee
of the purchaser at the auction, from whom the tenant deduces
his title.

The demandant never [expressly] waived the provision made
for her in the will of said Tilley, and the purchasers of the
wharf and flats and those holding under them, have, ever since
the auction aforesaid, been in peaceable possession of the premi-
ses, no claim of dower having been made until the 12th day of
November, 1838. All the said probate proceedings and records
referred to with the conveyances, form a part of this case.

If, on these facts, and the inferences to be legally drawn from
them, the demandant is entitled to recover dower in the prem

ises, then such proceedings are to be had for the assignment or ascertainment of the dower, and the amount of damages, as the court shall direct ; otherwise she is to become nonsuit.

The case was argued in writing.

*W. Minot* and *B. Rand*, for the demandant.　This case is not affected by the revised statutes, but depends on the construction of the previously existing law.　By the common law, a widow was entitled to dower, and also to the provision made for her in her husband's will, unless it was clear that the husband intended such provision to be in lieu of dower.　But by *St.* 1783, *c*. 24, § 8, she was not to have dower and the testamentary provision also, unless it was plain that such provision was intended to be in addition to dower.　The only difference between this statutory law and the law previously existing (so far as it regards the *right*,) is, that in a doubtful case the widow is put, by the statute, to her election between dower and the provision by will.　And as it respects the *remedy*, the only difference is, that acceptance of a provision by will, in lieu of dower, cannot, by the common law, be pleaded in bar of a writ of dower, (Co. Lit. 36 *b*. *Mundy* v. *Mundy*, 2 Ves. Jr. 129. *Lawrence* v. *Lawrence*, 2 Vern. 365,) but could only be set up in a court of equity, where all equitable circumstances might be taken into consideration.　As we had no court of equity at the time of the passing of the act of 1783, *c*. 24, it may be inferred that the intention of that act was, that the acceptance of a testamentary provision might be set up as a defence at law to a writ of dower, and that the principles adopted in courts of equity should be administered by the courts of law, in reference to such defence.　The doctrines of the English courts of equity are therefore applicable to this case.

The demandant denies that she has accepted the testamentary provision, either expressly or by implication of law.　Mere lapse of time does not preclude the right of election, nor raise a presumption that an election has been made.　*Butricke* v. *Brodhurst*, 3 Bro. C. C. 90.　1 Ves. Jr. 172.　Stalman on Election & Satisfaction, 266.　In *Reed* v. *Dickerman*, 12 Pick. 146, the portion devised to the widow had been set off to

her by a decree of the probate court, and she had enjoyed it and other things provided for her in the will, for fourteen years ; and the decision turned upon her acts evincive of her election. In the case at bar, no unreasonable time has elapsed, and the de mandant's acts in the probate court, charging herself with the proceeds of sales, representing the estate insolvent, &c. manifested her intention not to accept the provision made for her by the will. She had a right, before electing, to time sufficient to obtain full knowledge of her husband's circumstances and her own rights, and to learn the comparative value of the provision and of her dower. Stalman on Elect. & Satisf. 267, 268. Clancy Husb. & Wife, 249.

The demandant denies that she accepted the testamentary provision by exercising the power of sale conferred by the will. The devise and the power to sell are not so connected that the latter cannot be exercised without showing an intention to accept the former. The power is given in a distinct clause of the will, and authorizes sales for the payment of debts, and she might well sell, as she did, for payment of debts only, without manifesting an intent to exercise the power in her own favor.

But if the demandant did acts evincing an election of the provision, she is not concluded thereby, if she were not aware, at the time, of the amount of debts, or of the value of her dower, or was, in any other respect, ignorant of her rights. 1 Roper Husb. & Wife, 582, and books last cited. *Wake* v. *Wake,* 1 Ves. Jr. 335. *Pusey* v. *Desbouvrie,* 3 P. W. 315.

The neglect to claim dower until after the second husband's death does not impair the demandant's right. No lapse of time, short of the statutory limitation, can bar it. Her second marriage was only about 18 months after the probate of her first husband's will, and she was under coverture till 1835. During this time she could make no election herself, nor could her husband for her, (except under direction of a court of equity,) which would prejudice her claim to the dower now demanded. Stalman on Elect. & Satisf. 190, 191.

Nor is the demandant estopped by the deed executed by herself and second husband, in pursuance of the authority conferred

by license of the court of common pleas. That authority was limited to the sale of the estate of the first husband, and was for the purpose of paying his debts. The deed recites the authority and the purpose of it ; purports to convey only such estate as was to be sold pursuant to the authority ; and was executed by the demandant only in her representative capacity. And of all this and of the circumstances of Tilley's estate, the purchaser was well aware, and of course offered and paid a price accordingly. There was no concealment of any title, and no pretence of conveying more than the deceased's interest, and no consideration received for any thing more. *Leavitt* v. *Lamprey*, 13 Pick. 382. The cases of *Heard* v. *Hall*, 16 Pick. 457, and *Poor* v. *Robinson*, 10 Mass. 131, are not applicable to this case. Besides, the wife was under coverture, and not *sui juris*, when she executed the deed, and if she had expressly included therein her right of dower, it would not have barred her claim, within the law of this Commonwealth. *Fowler* v. *Shearer*, 7 Mass. 19. *Durant* v. *Ritchie*, 4 Mason, 45. Rev. Sts. *c.* 60, § 7. *Croade* v. *Ingraham*, 13 Pick. 35. *Martin* v. *Mitchell*, 2 Jac. & Walk. 425.

*Aylwin* and *Paine*, for the tenant, argued, 1st. That the right to dower was barred by the demandant's acceptance of the provision in the will. Such acceptance is shown by various facts and circumstances. She never expressly waived that provision ; nearly two years elapsed after the first husband's death before her second marriage ; her second marriage continued eleven years, and it was not till three years after its termination that she made any claim of a right to dower. The estate consisted almost wholly of real estate, the value of which and of the other property was immediately known to the demandant, as executrix. *Reed* v. *Dickerman*, 12 Pick. 146. The provision was very liberal and beneficial, and therefore it must be presumed to have been accepted. *Merrill* v. *Emery*, 10 Pick. 507. The power of sale was so unlimited that the devise seems to amount to a fee simple, and not to belong to the class of conditional powers of sale referred to in *Minot* v. *Prescott*, 14 Mass. 495, and *Stevens* v. *Winship*, 1 Pick. 318 ; and if she had a fee simple, she

could not have a right of dower. The exercise of the power of sale was an express acceptance of the testamentary provision. *Larned* v. *Bridge*, 17 Pick. 339.

2d. The demandant is estopped by the sale and deed made by herself and second husband. *Poor* v. *Robinson*, 10 Mass. 131. *Heard* v. *Hall*, 16 Pick. 457.

A wife, by joining with her husband, or by a separate deed, may bar herself of dower in his lands. *Stearns* v. *Swift*, 8 Pick. 536. Why not estop herself to claim dower in a former husband's lands ? A feme covert's disability is not from a supposed want of capacity, but from her union with her husband, and her subjection to him. She may act *en autre droit* without her husband. 4 Petersd. Ab. 67.

The demandant's coverture makes no difference in her favor. She had full opportunity for election before her second marriage, and her subsequent disability was voluntarily incurred. By the second marriage, the right of election devolved on her husband, and his acts, affecting that right, bind her not only during coverture, but for life. Bing. on Inf. & Covert. 224. Co. Lit. 246. If she had been an infant, perhaps her husband's election would have bound her only during that coverture. *Harvey* v. *Ashley*, 3 Atk. 617. A disability, which prevents the operation of the statute of limitations, must exist at the time the right first accrues ; and the principle of that rule is applicable to this case. *Eager* v. *Commonwealth*, 4 Mass. 188.

DEWEY, J. The husband of the demandant having been seized, during coverture, of the premises in which dower is demanded, she became entitled, on his decease, to her dower in the same, and may now enforce that right, unless she is legally barred by her own acts. By *St.* 1783, *c.* 24, § 8, it is provided, in the case of a devise by the husband to the wife, that unless it plainly appears by the will that the devise was intended to be in addition to her dower, the widow must waive the provision in the will, if she would claim her dower. In the present case, the provision made for the demandant, in the will of her husband, not only does not plainly appear to have been intended to be in addition to her dower, but was manifestly designed to supersede any such claim

Delay *v.* Vinal.

The question then arises, whether she has waived the provision in her behalf contained in that will.

That the right of election ought to be exercised within a reasonable time, seems to be well settled. But what should be the precise limit as to the time within which such waiver of the devise could be properly made, was left without any distinct or definite provision until the enactment in the Rev. Sts. *c.* 60, § 11, requiring the widow, within six months after the probate of the will, to make her election whether she will take the devise in the will of her husband, or be endowed of his lands. The right of the demandant, however, accrued previously to the revised statutes, and must therefore be settled by some other rule. In the absence of any particular statute regulations, it would seem reasonable that the widow should have at least a suitable opportunity for attaining full knowledge of all the circumstances necessary to enable her to form a judicious opinion upon the question of accepting the provision made for her in the will, or of waiving that and taking her dower at common law.

The present, like most similar questions that have arisen, does not depend upon the effect to be given to mere lapse of time, during which the widow has omitted to waive formally the devise to her, but presents also certain acts on her part indicating her acceptance of the provisions of the will.

Under the authority given her by the will, she disposed of two parcels of the real estate of her husband, viz. the Green Island estate and the Douglas farm. The legal effect of this exercise of power under the will must depend very much upon the view that is taken of the nature of this authority, and the object and purposes for which it was given, and with reference to which it must be understood to have been exercised.

The demandant contends that the devise to her, and the power to sell real estate, are not so connected, that the exercise of the latter implies an acceptance of the former; that it may well be taken that the widow might exercise it solely for the purpose of discharging the debts of the testator, without authorizing an inference of her accepting any provision for herself that would deprive her of her dower. On the other hand, it is con-

tended by the tenant, that the power to sell was connected with the provision made for the demandant for her own support and the maintenance and education of her children, as well as the payment of debts, which latter must of course be discharged before she could enjoy the estate ; and that the demandant, having acted under this power, acted for both purposes, and her acts therefore not only are inconsistent with a waiver of the devise to her, but, on the contrary, furnish a strong inference of her acceptance of the same.

It seems to us, that the provision made in the will for the widow, and the authority to sell the real estate, are connected, and constitute one general arrangement for securing to her the full enjoyment of the bounty of the testator. The power to sell is not given to her as executrix, or to be exercised by her in that capacity, but vested in her, independently of her acceptance of the trust of executrix, and as the means of carrying into effect the provisions of the will in her favor.

The sale by her under an authority contained in the will, in the clause under consideration, would seem fully to authorize the inference of an acceptance by her of the devise in her favor, unless in executing the power of selling, she expressly disclaimed all provision in the will for her benefit, and asserted her purpose to insist upon her right of dower.

It was suggested in the argument, on the part of the demandant, that if the widow had in fact done some acts which might indicate an acceptance of the devise, yet if this was done under a misapprehension of her right, or in ignorance of facts materially affecting her pecuniary interest in the matter, she ought not to be concluded by her acceptance of the devise under such circumstances. This rule has been liberally applied in many cases in the English courts. Its applicability to the present case may well be doubted, upon the facts stated. There was nothing in the circumstances of this estate, that was calculated to mislead the demandant, or that may be supposed to have disappointed her reasonable expectations. The right to recur to her dower at common law, upon such ground, if exercised at all, after having indicated an acceptance of the devise, should be at the earliest

6 *

possible period after she should come to the knowledge of these facts, from an ignorance of which she had been misled. But in the present case, the widow, acting in the capacity of executrix, was early apprized of the situation of this estate, but continued to act without asserting her rights, and stood quietly by, withholding all notice of any intended future claim of dower in the premises, at the time of the sale of the land to the tenant under an authority of the court ; no claim of dower being made until November, 1838, a period of sixteen years from the death of her first husband, two years of which elapsed before her marriage with Delay, and three years after the death of Delay.

We have not found it necessary to consider particularly the effect of the conveyance by the demandant and her second husband of this real estate, under the order of court just referred to. The principle settled in the case of *Poor* v. *Robinson*, 10 Mass. 131, would go very far to sustain a defence put solely upon this ground, unless the circumstance that the demandant was a feme covert at the time of executing the deed should prevent its operation as respects her. The defence being well sustained upon other grounds, the effect of that conveyance is not to be considered as adjudicated upon in the present case.

*Demandant nonsuit.*