## CHARLES T. BOGGS *et al.*

### *v.*

## MILLS OLCOTT.

1. EVIDENCE—*proof of the execution of an instrument.* Where a party whose name appears signed to an instrument performs the acts which are required by it, that will be regarded as such a recognition of its validity as will estop him from denying its execution.

2. So, where a person's name appears to a subscription to stock of a banking association, and he has paid calls as a shareholder on the number of shares set

opposite his name, after his name was placed there, this will be taken as an admission that his signature and subscription were authorized and binding.

3. SAME — *what is proof of membership of an association.* Where the party has paid in his stock, accepted a directorship in the association, and advised and consulted with other directors in reference to the business of the association, he thereby admits that he was a member, and such acts are sufficient to render him liable for the debts of the concern.

4. DESCRIPTION OF PARTIES. Where a number of persons associated in business, are known to the world and transact business by a particular name, in a suit against the members, they may be described as members of an association of that name, and they cannot defeat a recovery by showing that in their articles of association they adopted a different name

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was an action of assumpsit brought by Mills Olcott against Charles T. Boggs, Joseph McPherson, and others, described as being members of the "Mechanics' Savings Bank association of Chicago." The object of the suit was to fix upon the defendants a liability for the deposit account of the plaintiff. The general issue was pleaded, and the defendant McPherson also put in a special plea under oath, denying the partnership. The principal question is one of fact, whether the signing of the subscription to the stock of the association by the defendants was sufficiently proven. The evidence in reference to that question is sufficiently presented in the opinion of the court.

Another question presented is, that the addition of the firm name of the defendants in the declaration is a variance from the name adopted by the parties in their articles of association, the defendants claiming that the name under which they were organized, was "The Mechanics' Savings bank," whereas they are described in the declaration as being members of "The Mechanics' Savings Bank association of Chicago." But it appeared in evidence that the firm was known in the community by the latter name, and transacted business in that name.

A trial of the cause resulted in a finding and judgment for the plaintiff, and the defendants bring the cause to this court by appeal.

Messrs. Scates, Bates & Towslee, for the appellants.

Mr. James B. Vaughan and Mr. John J. McKinnon, for the appellee.

Mr. Chief Justice Walker delivered the opinion of the Court:

Appellants insist that they did not sign the articles of association, and are therefore not liable on their subscription for stock. We have examined the original articles of association, and find that there were two articles signed at different times, by the larger number of the share holders. It seems, that the first association fell through and was abandoned. We are, however, satisfied from this examination and the other evidence in the record, that all of the appellants but McPherson signed the articles under which the association was formed, and the business transacted. He signed the first articles about which there is no question, but it never went into operation. As to his execution of the articles sued upon, the evidence is not so clear and direct as that to the other members of the association, but it is sufficient to charge him as well as them.

It is urged that the court below erred in admitting the articles of association and stock book in evidence, without proof of their execution. The witness Alexander testified, that the articles were signed at different times, by the several members, at the dates set opposite their names, and he says he was present when most of them signed both the articles and stock book. He states positively, that McPherson signed the preliminary articles, and that he paid calls as did the other share-holders, on the number of shares set opposite his name, after the subscription was made. This is an admission of the strongest character, that the signature and subscription were authorized and binding, and that the name was either signed by himself or some one else at his instance. His name was signed to the articles, and he recognized its validity by performing the acts which were required by the instrument. By recognizing and acting under it, he is estopped from denying its execution. We

therefore are of the opinion that its execution was sufficiently proved to admit it in evidence.

When McPherson paid in his stock, accepted the directorship, and advised and consulted with other directors in reference to the business of the association, he thereby admitted that he was a member. These acts were sufficient to render him liable for the debts of the concern. The testimony of Alexander establishes the partnership. He says that the association was composed of the subscribers for the stock, and names them as E. T. Boggs, N. Chapin, C. H. Atkins, J. R. Evans, J. P. Root, W. C. Daw, C. Baldwin, J. W. Hedenburg, R. Gentry, C. M. Cadey, F. Blake, W. Heinrod, Joseph McPherson and George J. Brine, the persons who were defendants in the court below.

This witness, from his connection with the business, had ample means of knowing the relation the parties occupied to the concern. He was their teller, and acted in that capacity from its organization to its close. He was in daily communication with them, and consulted with them as officers and directors or otherwise. Of all persons we might expect him to know the nature of the business, and the relation that each of these persons occupied toward the others, in its prosecution. His evidence seems to be fair and consistent, bearing every mark of intelligence and truth. Nor is it opposed by the testimony of any other witness. And being so, it carries with it conviction.

It is urged, that the addition of a firm name in the declaration, not employed in the articles of association, is a variance which should reverse the judgment. They seem to have done business in the name by which they were described, and the firm was known by that name in the community, and, being a mere addition to their individual names, we are at a loss to comprehend how they, by showing that their firm name was different from that in which they transacted business, and by which the house was known, and under which they obtained the money for which they are sued, could be relieved from liability. It is enough that they contracted in the name by which they are described. It could not be permitted, for men

to enter into articles of association by one name, of which the community knew nothing, and have no right to know, and do business in a different name, and then defeat a recovery because they were not sued by the secret name of the association, for money that had been obtained under the name in which they did business. Such a defense cannot be allowed to defeat a recovery. The judgment must be affirmed.

*Judgment affirmed.*