## NORFOLK COUNTY.

### CAROLINE W. BARTLETT *vs.* NELSON DRAKE.

A person whose name was subscribed to a deed by his wife in his absence recognizes and adopts the signature as his own by acknowledging the deed before a magistrate.

If a grantor, in fulfilling an agreement to convey a parcel of land for a certain price, is induced by fraud or misrepresentation, upon receipt of that price, to execute a deed conveying another parcel also, he may recover the second parcel on a writ of entry without paying or tendering back the consideration, or any part of it; but not the parcel agreed to be conveyed, without such a payment or tender.

WRIT OF ENTRY to recover three parcels of land in Sharon. Plea, *nul disseisin.* At the trial in the superior court, before *Morton,* J., it appeared that the demandant was the wife of Reuel W. Bartlett, to whom she was married in 1855; and was a sister of the tenant, both of them being children of Francis Drake, who died, intestate, in that year. The demandant claimed title under a partition of her father's estate among the heirs, made by order of the probate court and by it accepted and confirmed in July 1856. The tenant claimed title under a deed from the demandant and her husband, dated August 5, 1856, describing four parcels of land, the validity of which deed the demandant denied and sought to impeach.

The tenant testified that he bought of the demandant for six hundred dollars all the estate set off to her in the partition, and paid part of the purchase money; was told by the demandant's husband to take the deed to her, have her sign it with his name as well as her own, and then bring it to him and he would acknowledge it; took it to the demandant accordingly, and she affixed her own signature to it, and also signed her husband's name in his absence; paid her the balance of the purchase money; and then brought the deed to her husband, who acknowledged it before a justice of the peace. The justice was called as a witness, and testified that the demandant's husband came to him with the deed, and said that the name of Reuel W Bartlett affixed to it was his signature, and asked him to witness the deed and take his acknowledgment, which he did on August 6, 1856.

The demandant and her husband both testified that they knew only by the tenant's representations what was set off to her in the partition of her father's estate ; that he represented to them that all the land set off to her consisted of two parcels, one of three acres, the other of five acres ; that she agreed to sell those two parcels, and no more, for six hundred dollars ; and that the tenant on several occasions exhibited to them a deed " for them to execute," which contained a description of those two parcels only, and was not the deed under which the tenant claimed. The demandant admitted receiving the six hundred dollars, but testified that the deed which she signed was the deed so previously exhibited to her and her husband by the tenant, or one which he represented to be such. And the demandant's husband in his testimony denied that he ever saw the deed after his wife signed it, or told the justice of the peace that any signature affixed to it was his, or acknowledged it before the justice.

The judge instructed the jury " that, if the demandant signed both her own and her husband's names to the deed, in his absence, the tenant knowing the fact, and if afterwards the husband, before the delivery of the deed, adopted and acknowledged the signature to be his, and acknowledged the deed, this would be a sufficient joining in the deed by the husband to make the deed valid and pass the title to the tenant; that the question whether the tenant had fraudulently misrepresented the contents of the deed, or fraudulently substituted one deed for another, at the time of execution, was not open, as, in order to recover on that ground, it was necessary that the demandant should have paid or tendered to the tenant the consideration which he paid for the deed." The verdict was for the tenant; and the demandant alleged exceptions.

*W. Colburn,* for the demandant.

*E. Ames,* for the tenant.

WELLS, J. The acknowledgment of the deed by the demandant's husband, with his name subscribed thereto, although written by his wife in his absence, was a recognition and adoption of the signature as his own. *Greenfield Bank* v. *Crafts,* 4 A.-

len, 447. The jury have found that he did so acknowledge the deed and adopt the signature.

The evidence tended to show that the contract between the parties was for a sale of only two parcels of land for six hundred dollars; and that the tenant fraudulently substituted a deed including, with those two parcels, other land belonging to the demandant, and by false representations induced her to sign, and her husband to execute and acknowledge the deed, upon the belief that it contained only the two parcels which they had agreed to sell. The court ruled that the question of misrepresentation and fraudulent substitution was not open, because the demandant had not returned or offered to return the consideration paid and received for the deed.

So far as the action is prosecuted for the recovery of the two parcels of land agreed to be sold, this is undoubtedly the rule of law. The general rule that a party who seeks to rescind a contract must restore the consideration received, or put the other party *in statu quo*, applies as well to a rescission on the ground of misrepresentation and fraud as to other cases. *Kimball* v. *Cunningham*, 4 Mass. 502. *Thurston* v. *Blanchard*, 22 Pick. 18. *Perley* v. *Balch*, 23 Pick. 283. *Thayer* v. *Turner*, 8 Met. 550. *Masson* v. *Bovet*, 1 Denio, 74. The exceptions grow out of and are founded on the deficient capacity of the party who seeks to be relieved from the contract. *Gibson* v. *Soper*, 6 Gray, 279. *Chandler* v. *Simmons*, 97 Mass. 508. In *Bartlett* v. *Cowles*, 15 Gray, 445, the general rule is said, by the learned judge who gave the opinion, to apply to the case of infants seeking to avoid their executed contracts on the ground of infancy. And some color of authority is given for that opinion by two or three of the citations made in its support. But the weight of argument, and we think also of authority, is the other way. See *Price* v. *Furman*, 27 Verm. 268. The case of *Bartlett* v. *Cowles* did not require any decision of that question. It was entirely sufficient for the decision of the case, that the cutting and sale of the timber by the defendant had been done under an agreement, which, at the time, was an existing valid contract. The subsequent avoidance of the contract under which it had been

done could not convert those acts of the defendant into a tort. This consideration removes the statement of the rule above referred to into the class of *obiter dicta;* and we think it is contrary to the whole theory of the laws of infancy. The question was directly raised in the more recent case of *Chandler* v. *Simmons,* and this court are unanimously of the opinion there expressed.

As to the parcels of land not sold, but alleged to have been included in the deed by fraud of the defendant, the case stands differently. In a writ of entry the demandant may recover any part of the premises demanded, though less than the whole. Gen. Sts. *c.* 134, § 10. If the plaintiff can establish the facts that those parcels were so included by fraud, and that no part of the consideration was paid and received on account thereof, she may set up the fraud and avoid the conveyance of those lands, without rescinding the actual sale or setting aside the entire deed. The avoidance applies to the grant of the title, and not to the instrument by which it is made. *Walker* v. *Swasey,* 2 Allen, 312.

The question whether the evidence was sufficient to prove that the conveyance of such other parcels was procured by misrepresentation and fraudulent substitution, or fraudulent insertion in the deed, is not before us. It tended to prove it; but, by the ruling of the court, the jury were precluded from passing upon it. The exceptions must therefore be sustained.