SARAH R. LOVEJOY *vs.* PHINEAS RICHARDSON.

Androscoggin. Decided August 3, 1878.

*Deed. Estoppel.*

Where the name of the grantor is signed to his deed by another in his presence, at his request and by his direction, he is bound thereby.

Where the grantor's name is thus affixed, and he acknowledges the deed, receives the consideration therefor and delivers the same, he is estopped to deny his signature thereto.

ON EXCEPTIONS.

TRESPASS *quare clausum fregit.*

The defendant offered in evidence a deed of the *locus in quo*, from Cornelius T. Richardson to himself, which closed thus : " Cornelius T. Richardson. [L. S.] Signed by David House in presence of and by the request of C. T. Richardson. E. B. House, David House. Signed, sealed and delivered in presence of A. Barker, David House." The deed was duly acknowledged and recorded. It was offered in evidence by the defendant and objected to by the plaintiff, on the ground stated in the opinion.

The presiding justice sustained the objection ; and the defendant alleged exceptions.

*L. H. Hutchinson & A. R. Savage,* for the defendant.

*N. Morrill,* for the plaintiff.

APPLETON, C. J.   This is an action of trespass *qu. cl.*   Both parties derive title from Cornelius T. Richardson ; the plaintiff by devise, and the defendant by deed.

The defendant offered in evidence the deed of Richardson to him, which was objected to on the ground that it was not signed by the grantor or his attorney, as required by R. S., c. 73, § 10 ; and that he did not sign it or make his mark upon it, as required by R. S., c. 1, § 4, rule 18.   The objection was sustained and the deed excluded.

The deed was signed by another, " in the presence of and by the request of " the grantor.   His seal was affixed thereto.   The grantor duly acknowledged " the instrument to be his free act and deed," and that he had received ten hundred dollars in consideration therefor.   He delivered the deed to the defendant, who is in possession claiming title under the same.   All this appears in evidence, and, if it did not, we have a right to assume it could be proved, for the purpose of testing the correctness of the ruling of the presiding justice in excluding the deed for the causes assigned.   The deed being excluded, the defendant was necessarily precluded from showing the consideration paid and the circumstances attending its execution, acknowledgment and delivery.

A seal is absolutely necessary for the authentication of a deed. If a stranger seal a deed by the allowance or the commandment precedent, or agreement subsequent, of the person who is to seal it, that is sufficient.   Therefore if another man seal a deed of mine, and I take it up after it is sealed and deliver it as my deed, this is said to be a good agreement to, and allowance of the sealing, and so a good deed.   Perk. § 130.   But the sealing is as much required to make an agreement a deed as the signing.   If another person seals the deed, yet if the party delivers it himself, he thereby adopts the sealing, and by parity of reason, the sign-

ing also, and makes them both his own. "The character of the power under which a deed may be executed by an agent for another, depends upon the circumstance whether the act of signing is done in the presence or absence of the principal. If done in his presence, an oral direction to do the act will be sufficient, it being theoretically the act of the principal himself. But if the act is to be done in the absence of the principal, it must be given by an instrument under the hand and seal of the principal." 3 Washburn on Real Property, 252. To the same effect are the repeated decisions of this court. In *Frost* v. *Deering*, 21 Maine, 156, 159, Whitman, C. J., says: "The authorities are perfectly clear that a deed or other instrument is well executed if the name of the party be put to it by his direction, and in his presence, by the hand of another person." In *Bird* v. *Decker*, 64 Maine, 550, the court say, referring to the grantor : " It was his signature made by him, through the exercise of his will and judgment, though he employed in the manual act the hand of another."

The statutes of Massachusetts on this subject are similar to those of this state to which the presiding justice referred and upon which his ruling was based. The same questions have been there considered as with us and with like result. In *Gardner* v. *Gardner*, 5 Cush. 483, the deed under discussion was signed by another, in the presence and at the request of the grantor. " The name being written by another hand, in the presence of the grantor, and at her request, is her act. . . To hold otherwise, would be to decide that a person having a clear mind and full capacity, but through physical inability incapable of making a mark, could never make a conveyance or execute a deed ; for the same incapacity to sign and seal the principal deed would prevent him from executing a letter of attorney under seal." " When one writes the name of another to a deed, in his presence, at his request and by his direction, the act of writing," observes Fletcher, J., in *Wood* v. *Goodridge*, 6 Cush. 117, " is regarded as the party's personal act, as much as if he had held the pen and signed and sealed the instrument with his own hand." In *Holbrook* v. *Chamberlin*, 116 Mass. 155, 161, Gray, C. J., uses the

following language: "The law is settled in this commonwealth that the unauthorized execution of a deed in the name either of a partnership or of an individual may be ratified by parol."

But here is more than the signing of the deed in the presence and at the request of the grantor. It is not to be recorded without its acknowledgment, and he has acknowledged it before a magistrate. In *Bartlett* v. *Drake*, 100 Mass. 174, it was held that one whose name was subscribed to a deed by his wife in his absence, adopted the signature as his own by acknowledging it before a magistrate.

Even after the adoption of the signature by his acknowledgment that it was his free act and deed, before a magistrate, the deed was of no avail while it remained in the hands and under the control of the grantor. To make it effectual there must be a further act, its delivery to the grantee. If then the consideration of the deed has been paid and the grantor has delivered it, is not the deed valid?

But the grantor was estopped by his own acts from denying his signature. By acknowledging the deed as his he authorized its recordation. On receiving the consideration he delivered it; for it is not to be assumed, in the absence of proof, that he delivered it without receiving such consideration. By delivering it, he gave authority to the grantee to place it on record, and by thus placing it on record, to give notice to all the world that he had parted with his title, which could never have been done without such acknowledgment and delivery. If a party is ever to be estopped, a stronger case of estoppel is not conceivable. Suppose a grantor had brought a deed signed by another for him, in his presence and at his request, duly acknowledged, and had, upon receiving the stipulated consideration, delivered it to the grantee, ignorant of the fact that the grantor's name was affixed by the hand of another, is he to be permitted to deprive the *bona fide* purchaser, of his rights? The deed is recorded by the direction of the grantor, for its acknowledgment and delivery by him are equivalent to direction or authority to record. Are subsequent purchasers to be deprived of their rights because a grantor fraudulently acknowledged and delivered and authorized to be recorded

a deed which he never signed; or is he to be held legally, as he is equitably, bound by these solemn and deliberate acts? A party who performs acts required to be done by a written instrument purporting to be signed by him will be estopped to deny his execution of it. *Bogg* v. *Ocott*, 40 Ill. 303.

The result is that the signature to the deed made at the request and in the presence of and acknowledged by the grantor is to be deemed his signature.

*Exceptions sustained.*

BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.