EDWARD H. MANSFIELD, assignee, *vs.* WILLIAM GORDON.

Suffolk.   Jan. 21. — Feb. 26, 1887.   HOLMES & GARDNER, JJ., absent.

An assignee in insolvency cannot maintain a bill in equity to relieve the real estate
of the insolvent from the incumbrance of a mortgage thereon, executed by the
insolvent when a minor, and not ratified or disaffirmed by him after coming
of age.

DEVENS, J.   The plaintiff is the assignee of the estate of
William A. Burrell, an insolvent debtor, and, by this bill in
equity, seeks to relieve a parcel of land belonging to the estate
from the incumbrance of a mortgage thereon, conditioned for the
payment of a promissory note of $1000.   The note and mortgage
were executed by Burrell when under age.   He is now of age,
and was so when the insolvency proceedings were begun.   Since
his majority, he has not ratified the note and mortgage; nor is it
alleged that he has done any act in disaffirmance thereof.

The assignment vested in the assignee, not only " all the prop-
erty of the debtor, real or personal, which he could have law-
fully sold, assigned, or conveyed," including debts due him and
the securities therefor, but also " all his rights of action for
goods or estate, real or personal."   Pub. Sts. *c.* 157, § 46.   " By
the 'right of action' mentioned in the statute," it is said by Chief
Justice Shaw in *Gardner* v. *Hooper*, 3 Gray, 398, 404, " the Legis-
lature intended all valuable rights actually subsisting, whether
absolute or conditional, legal or equitable, which were to be ob-
tained by the aid of any species of judicial process."

It is the contention of the plaintiff, that, by virtue of this
clause, he, as assignee, is entitled to exercise the privilege which
the insolvent might have exercised on reaching his majority,
and to disaffirm this mortgage, and thus is entitled to a decree
relieving the estate therefrom.

That an individual creditor ·cannot attach property conveyed by a debtor while a minor, the conveyance of which such debtor might have disaffirmed, and thus avail himself of the infant's privilege, is well settled. *McCarty* v. *Murray*, 3 Gray, 578. *Kendall* v. *Lawrence*, 22 Pick. 540. *Kingman* v. *Perkins*, 105 Mass. 111. While the rights of an assignee are not always tested by those of an individual creditor, there would seem to be no reason why larger rights in an estate conveyed by a minor are obtained by an assignee acting on behalf of all the creditors. The contracts of an infant are voidable only, and not void; and it has often been said that the right to avoid his contracts is a personal privilege of the infant only, not to be availed of by others. *Nightingale* v. *Withington*, 15 Mass. 272, 274. *Chandler* v. *Simmons*, 97 Mass. 508, 511. 1 Chit. Con. (11th Am. ed.) 222. It is said by Wilde, J., in *Austin* v. *Charlestown Seminary*, 8 Met. 196, 203, "Voidable acts by an infant, or matters of record done or suffered by him, can be avoided by none but himself or his privies in blood, and not by privies in estate; and this right of avoidance is not assignable." Bac. Abr. Inf. & Age, I, 6. *Whittingham's case*, 8 Rep. 42 b, 43 a.

It is said that it is for the benefit of the debtor that the assignee should be allowed to avoid his mortgage, as the assets of the estate are thus increased. The ground upon which an infant is allowed to avoid his contract is for his personal benefit, and for protection against the improvidence which is the consequence of his youth. He may therefore avoid his contract without returning the consideration received, but it is not easy to see why his creditors, or the assignee as representing them, should have this right. It may well be that the· estate of the insolvent has been augmented to that extent by the very sum of money which the minor received. The fact that the infant may rescind without returning the consideration indicates that the right is strictly a personal privilege, and that, as the rule permitting him thus to avoid his contract is established solely for his protection, so he alone can have the benefit of it.

*Decree dismissing the bill affirmed.*

*A. Hemenway*, (*A. L. Murray* with him,) for the plaintiff.
*J. Willard & J. R. Churchill*, for the defendant.