C. H. DRUDE vs. HALSEY W. CURTIS.

Hampden.    January 29, 1903. — May 21, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Infant.    Conversion.*

One infant owning certain chattels delivered them to another infant, agreeing to sell them to him and that the title should pass when the last instalment of the purchase money, amounting in all to $225, had been paid. When payments amounting to $130 had been made, the purchasing infant came of age, disaffirmed the contract and sued the seller in contract and tort for the $130, attaching the chattels in question as the property of the seller. The seller, who had spent the money before the date of the writ, pleaded infancy. *Held,* that infancy was a good defence to the action on the implied contract, and that there was no conversion of the money or other tortious act on the part of the defendant. If when the action was brought the defendant had had in his possession the identical money which he received from the plaintiff, *whether* the plaintiff might not have maintained replevin, or after a demand and refusal trover, *quære.*

CONTRACT for $130 paid by the plaintiff when an infant on a contract for the purchase of a horse, harness and buggy, repudiated by him on coming of age, with a second count for money had and received, and a third count, added by amendment, in tort for the conversion of $130 paid by the plaintiff to the defendant.    Writ dated July 31, 1900.

The case was tried before *Bishop,* J., without a jury. It appeared, that the plaintiff and defendant, both being minors, entered into an agreement whereby the defendant delivered to the plaintiff a horse, harness and buggy, and the plaintiff agreed to pay therefor $225 in instalments at stated times, the title to the property not to pass until the whole $225 was paid. The plaintiff paid instalments amounting to $130. He then came of age, and three days later brought this action and attached the horse, harness and buggy as the property of the defendant. On the return day of the writ the defendant came of age. The defendant had spent the $130 before the date of the writ.

The judge ruled that the plaintiff could not recover in contract, but might recover in tort under his declaration as amended for the conversion of $130 paid to the defendant. He found for

the plaintiff in the sum of $145.60 ; and the defendant alleged exceptions.

*C. H. Beckwith*, for the defendant.

*A. Webster, S. S. Taft & D. E. Tilley*, for the plaintiff.

HAMMOND, J.   Both parties being infants at the time of the contract, either could avoid it without a return of the consideration.   But neither could avoid it in part.   He must avoid it wholly if at all.   And if the infant when avoiding the contract has in his hands any of the specific fruits, the act of avoiding the contract by which he acquired such property will divest him of all right to retain it, and the other party may reclaim it. *Chandler* v. *Simmons*, 97 Mass. 508, 514.

The plaintiff, who was the buyer, sought first to exercise his right to avoid, and brought this action to recover the money ; and if the defendant also had not been an infant, he would have had no defence upon the count in contract because the law would have implied a contract upon his part to refund the money.   But the difficulty with the plaintiff's case is that the defendant is meeting the plaintiff with a weapon like that used by him, to wit, avoidance of a contract on the ground of infancy. And while the infancy of the plaintiff is a shield to him, it does not prevent the defendant from relying upon his own infancy in turn as a shield to him.   So far as respects the right of the defendant to take advantage of his own infancy, it is immaterial whether the plaintiff be an infant or an adult.

Can the plaintiff recover in this action the money paid by him to the defendant ?   The defendant spent it before the plaintiff avoided the contract.   His plea of infancy is a complete defence to the counts in contract.   So the court ruled, and we do not understand that the correctness of this ruling is contested by the plaintiff.   If at the time the plaintiff elected to avoid the contract the defendant had in his possession the same money which he received from the plaintiff, then, since by reason of the avoidance the defendant had no right further to hold it, the plaintiff perhaps might have maintained replevin, or, upon proper proceedings taken, have maintained trover as for a subsequent conversion.

The plaintiff contends that trover will lie even if, at the time he avoided the contract, the money had been spent.   But one

great difficulty upon the facts in this case is to find any conversion, any tortious dealing with the money. There was no tortious act on the part of the defendant in obtaining it. It was paid to him to be held and used by him as his own money, in accordance with the terms of a contract which is not claimed to have had in it any element of fraud. There was nothing tortious in that. Having received it as his own money, he spent it as such, and all this the plaintiff, not yet having avoided the contract, must be held to have expected and consented to. There was therefore nothing tortious in any act of the defendant, with reference to the money, before the contract was avoided.

Nor has the defendant been guilty of any tortious act since, unless it be his failure to refund an equal sum to the plaintiff, but that failure at the most can be considered only as a breach of an implied contract, and this the law permits him to avoid. To hold that, while for this failure to pay over under these circumstances he cannot be held in contract but still can be held in tort, is to convert that which arises out of a contract into a tort, and to take away the shield which the law throws around the infant for his protection. Upon this theory, money lent to an infant might be recovered. The plaintiff finds himself where any one is likely to be who places money into the hands of an infant with the right to spend it as his own money, and the right has been exercised. Upon this general subject see *Slayton v. Barry*, 175 Mass. 513, and cases cited; *Carr v. Clough*, 26 N. H. 280.

The plaintiff relies upon *Walker v. Davis*, 1 Gray, 506, as decisive in favor of the right to maintain this action, but an examination of the case will show that the ground upon which the decision was based in no way conflicts with the conclusion to which we have come. In that case, which was trover for the conversion of a cow, it appeared that the defendant, an infant, plied the plaintiff, who was an old man, with liquor until he became drunk; and then took advantage of the plaintiff's incompetent condition to trade for a cow. The defendant took the cow and gave his note in payment. When the note became due, the plaintiff brought a suit upon it in which the defendant prevailed upon the plea of infancy. The plaintiff then brought the

suit in trover. The defence was that the plaintiff had waived the tort and affirmed the contract, and also that when the note fell due the defendant had sold the cow and parted with all control over her. The court held the action maintainable, disposing of the first-ground of the defence by saying that since the defendant also had avoided the contract the plaintiff's attempted affirmance did not become operative, and as to the second ground that there had been a conversion and consequently trover would lie. But the conversion relied upon was not the sale of the cow, but the taking at the time of the contract. The contract was voidable by the plaintiff upon the ground of fraud. Upon coming to his senses, the plaintiff might have rescinded the contract, and, without any demand, have brought trover for the cow upon the ground that she had been tortiously taken from him under a fraudulent contract. *Thurston* v. *Blanchard*, 22 Pick. 18. And since at the time of this suit his right to rescind still existed, the remedy still existed. And the plea of infancy was no defence, because, in the language of Thomas, J.: "The defendant obtained the possession of [the cow] by fraud, a fraud to which infancy would constitute no defence." It is thus seen that the action was sustained upon the ground that the original taking, being fraudulent, was tortious. No question seems to have been made as to whether infancy would have been a defence to such a fraud. The court assumed that it would not be a defence, and having so assumed, held that the taking of the cow at the time of the contract was tortious. *Walker* v. *Davis* is therefore no authority for the contention that the subsequent spending of the money by the defendant in this case was tortious.

*Exceptions sustained.*