# GANNON *v.* MANNING.*

---

PLEADING; ELECTION OF COUNTS; INFANT; CONTRACTS; DISAFFIRMANCE; RESTORING CONSIDERATION; TIME.

1. There is no inconsistency between a count for breach of contract and a count asserting the right to rescind upon the ground of infancy,

---

*Infants—contracts.*—As to the necessity of returning consideration in order to disaffirm infants' contracts, see note in 26 L.R.A. 177; upon the question of the effect upon title to property purchased by infant, of his disaffirmance, after majority, of his executory contract to pay for the same, see note in 8 L.R.A. (N.S.) 104.

which justifies the trial court in compelling the plaintiff to elect between them.

2. An infant can disaffirm, upon the ground of infancy alone, a contract which has been fully executed by both parties.

3. Contracts with infants are generally voidable, not void; and an infant, upon becoming of age, may either affirm or avoid his contract. The exceptions to the rule are,—where the contract is for necessaries at fair and just rates, it is held to be binding; and where the contract appears upon its face to be manifestly to the prejudice of the infant, it is held to be void.

4. A purchase of the possession and good will of a moving picture theater by infants is voidable by them upon reaching their majority, especially where they tender back possession upon electing to disaffirm.

5. The inability of one party to an executed contract to place the other *in statu quo* does not affect the former's right to disaffirm the same upon the ground of infancy, since the right to disaffirm rests upon the incapacity of the infant to make a binding contract.

6. A person who, having elected to disaffirm an executed contract upon the ground that he was an infant when it was made, is in a position to restore the consideration, in whole or in part, to the other party, will be treated in equity as the trustee for the other party, and required to restore the same, not as a condition precedent to the right to disaffirm, but upon the ground that he is in possession of property which in equity and good conscience he will not be permitted to retain when he has elected to disaffirm.

7. The amount paid by infants for the possession and good will of a moving picture theater cannot, in fixing the amount to be recovered back by them upon disaffirming the contract on the ground of infancy, be reduced by an allowance for rental during the period of their occupancy.

8. An infant may affirm his contract of purchase after becoming of age, by continuing in possession of the property acquired for an unreasonable length of time, and by asserting ownership and control over it.

9. Eighteen days after attaining majority is, as a matter of law, a reasonable time in which to give notice of an election to disaffirm a contract upon the ground of infancy, especially where it does not appear that the status of the parties changed during that time, or that the other party to the contract has been prejudiced by the lapse of time.

No. 2636.   Submitted March 6, 1914.   Decided April 6, 1914.

HEARING on an appeal by the plaintiffs from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover the amount paid for a moving picture business.                                                      *Reversed.*

The COURT in the opinion stated the facts as follows:

This is a suit by appellants, Gilbert Gannon and Andrew J. Gannon, plaintiffs below, to recover the amount paid defendants, George H. Manning and R. B. Stevens, for the business and good will of the Senate Moving Picture Theater, in this city.

The declaration is based on, first, breach of contract; and, second, rescission, in that, when the contract was made, plaintiffs (twins) were infants. Upon arriving at the age of twenty-one years, they gave notice promptly of their election to rescind the contract. The court, on motion of defendants, compelled plaintiffs, over their objection and exception, to elect on which of the counts of the declaration they would go to trial. Plaintiffs elected to stand upon the declaration of infancy. The case was tried to a jury, with verdict for defendants. This appeal is from the judgment.

*Mr. Daniel W. O'Donoghue* for the appellants.

*Mr. Raymond B. Dickey* and *Mr. John Ridout* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It was error to compel plaintiffs to elect. There is no inconsistency between a count for breach of contract and one claiming rescission on the ground of infancy. The execution of the contract was admitted. The contract was not void, but voidable. Plaintiffs could therefore assail it upon either or both of the counts of the declaration.

It was also error for the court to instruct the jury that "an

infant cannot, on the ground of infancy alone, rescind a contract fully executed by both parties to it." It is well settled that the privilege afforded infants to avoid or rescind contracts extends alike to executed and executory contracts. As stated in *Robinson* v. *Weeks,* 56 Me. 102: "The mere fact that the contract has been fully executed, or that the infant has paid the money with his own hand, does not necessarily affect his right of rescission and recovery. *Williams* v. *Brown,* 34 Me. 594; *Austen* v. *Gervas,* Hobart, 77; *Price* v. *Furman,* 27 Vt. 268, 65 Am. Dec. 194. The protection which the law supposes the infant to need is as much required against the improvidence which has paid out, as against that which only promises to pay, and where it can be afforded without converting the shield into a sword, it should be given. There seems to be no good reason why, if lands conveyed and goods sold and delivered may be reclaimed by the infant, money paid should not be."

Contracts with infants are generally voidable not void; and an infant, upon becoming of age, may either affirm or avoid his contract. The exceptions to the rule are,—where the contract is for necessaries at fair and just rates, it is held to be binding; and where the contract appears upon its face to be manifestly to the prejudice of the infant, it is held to be void. The present case comes within the general rule. The contract is voidable, not void. Plaintiffs were in position to place defendants substantially *in statu quo.* The business they purchased amounted only to the possession and good will of the theater, and they tendered back possession upon their election to disaffirm the contract.

It is not important, however, as affecting the right of disaffirmance, that plaintiffs were in position to restore possession to defendants. The inability of the infant to place the other party *in statu quo* does not affect the right of disaffirmance. As was said in *MacGreal* v. *Taylor,* 167 U. S. 688, 700, 42 L. ed. 326, 332, 17 Sup. Ct. Rep. 961: "It is not necessary, in order to give effect to the disaffirmance of the deed or contract of a minor, that the other party should be placed *in statu quo.*

*Tucker* v. *Moreland,* 10 Pet. 58, 65, 74, 9 L. ed. 345, 348, 352;
*Shaw* v. *Boyd,* 5 Serg. & R. 309, 9 Am. Dec. 368."

The right to avoid a contract entered into during minority
rests upon the incapacity of the infant to make a binding con-
tract. This applies also to the disposition made during minority
by the infant of the property acquired or of its proceeds. In
*Green* v. *Green,* 69 N. Y. 553, 25 Am. Rep. 233, the court said:
"The right to repudiate is based upon the incapacity of the in-
fant to contract, and that incapacity applies as well to the avails
as to the property itself, and when the avails of the property are
improvidently spent or lost by speculation or otherwise during
minority, the infant should not be held responsible for an in-
ability to restore them. To do so would operate as a serious
restriction upon the right of an infant to avoid his contract,
and in many cases would destroy the right altogether."

But where in an executed contract the consideration can be
restored, in whole or in part, equity will treat the infant as a
trustee for the other party, and require restoration, not as a
condition precedent to the right to disaffirm, but on the ground
that the infant is in possession of property which, in good con-
science, he will not be permitted to retain when he has elected
to disaffirm. The rule is well stated in *Monumental Bldg. Asso.*
v. *Herman,* 33 Md. 128, 133, as follows: "If the infant dis-
affirm an executed contract, and the specific consideration can
be restored, in whole or in part, the infant is treated as a trustee
of the other party, and must give it up; but where the articles
received by him are consumed or the money spent, the party
advancing them is without remedy."

In the present case, it was error to instruct the jury that, "if
you find the plaintiffs entitled to recover, the sum of $300 must
be reduced by the reasonable value of the use of the premises
during the time they, the plaintiffs, had possession." The
amount originally paid defendants by plaintiffs could not be
reduced by an allowance for rental value of the premises during
the period occupied. That does not constitute a part of the
property conveyed to plaintiffs, and in their possession at the
time of the disaffirmance, for which they could be held, either

directly liable or as an offset against the amount claimed. Plaintiffs tendered substantially all that they received,—possession of the premises,—and that is all they could be held to account for in the present action. *McCarthy* v. *Henderson,* 138 Mass. 310.

Plaintiffs assign as error the granting by the court, at the request of defendants, of the following instruction to the jury: "If the jury find from all the evidence that, after attaining their majority, the plaintiffs, with full knowledge of their rights in the premises, exercised acts of affirmative ownership over the moving picture business referred to in the evidence, and delayed for an unreasonable time under all the circumstances, as the jury find them to be, their announcement of disaffirmance of their agreement for purchase, referred to in the evidence, then they are instructed that the plaintiffs are not entitled to recover, and their verdict should be in favor of the defendants." It is well settled that an infant may affirm his contract after becoming of age by continuing in possession of the property acquired for an unreasonable length of time, and by asserting ownership and control over it. But we think that in this case the question of reasonableness of notice of disaffirmance after becoming of age is not one of fact for the jury. Ratification and confirmation of the contract on the part of plaintiffs was matter of defense, and it was incumbent upon defendants to adduce proof from which the jury could reasonably infer an intention on the part of plaintiffs to continue the business and abide by their contract. No evidence whatever on this point was offered. Hence, if any inference to this effect is to be drawn, it must rest alone upon the length of time intervening between the date when plaintiffs became of age and the date when they gave notice of disaffirmance.

Plaintiffs became of age on August 24, 1912, and gave notice of their election to disaffirm on September 11, 1912. The mere fact that they continued to occupy and operate the theater during this period is not of itself sufficient to justify the inference of their intention to affirm the contract. They were entitled to reasonable time within which to elect either to retain the property or disaffirm the contract. This notice, in contemplation

of law, was given within reasonable time, especially as it does not appear that the status of the parties was changed during that period, or that defendants had been prejudiced thereby. It was error therefore to submit the question to the jury.

The judgment is reversed with costs, and the cause is remanded for a new trial.        *Reversed* and *remanded.*