**DODSON v. ROBERTS et al.   (No. 380.)**

Court of Civil Appeals of Texas. Eastland.
Dec. 16, 1927.

1. Infants ⬢⇒58(1)—One infant could not recover price paid another infant, where money was not shown to be in seller's possession.

In minor's action to recover money paid under contract for sale of automobile with another minor, where money was not shown to be still in possession of selling minor, *held* that buying minor could not recover.

2. Infants ⬢⇒58(2)—Party paying money to minor under voidable contract consents that minor should spend it.

Where money is paid to minor on contract voidable at election of minor, party so paying it must be held to have consented that minor should spend it.

3. Infants ⬢⇒58(1)—Minor repudiating contract to buy car from another minor in which latter's father participated held entitled to recover money paid from father.

Where contract for sale of automobile was entered into by minors, and father of selling minor participated in, sanctioned, allowed, and confirmed contract, money being paid to father and deposited by him in personal account, although some of money was subsequently checked out and received by selling minor, *held* that, on repudiation of contract by buying minor, selling minor's father was liable for money received.

4. Parent and child ⬢⇒8—In action for money paid under contract, fact that minor's father brought action as next friend for son held not to prejudice defendants, since act amounted to relinquishment of father's claim.

Where minor, who had bought car under contract for sale repudiated contract, and his father as next friend sued selling minor and father who had participated in contract, *held* that defendants were not prejudiced, since act in asserting that money belonged to son was a relinquishment of his claim to it.

Appeal from Taylor County Court; Tom K. Eplen, Judge.

Suit by the Bacon Securities Company against J. A. Roberts and others. Cross-action by Cecil Dodson, by his father as next friend. From a judgment for plaintiff, Cecil Dodson, by his father as next friend, appeals. Reformed and affirmed.

Cunningham & Oliver, of Abilene, for appellant.

Wagstaff, Harwell, Wagstaff & Douthit and John H. Alvis, all of Abilene, for appellees.

HICKMAN, J. At the time of the transactions disclosed in this opinion, Travis Roberts and Cecil Dodson were each 18 years of age, and each resided with his parents in the city of Abilene. Travis Roberts purchased from Fulwiler Motor Company an automobile, giving therefor in part payment an old car owned by him and executing an installment note payable in twelve monthly installments of $30.20 each. This note was executed by Travis Roberts and his father, J. A. Roberts. At the same time the same parties executed a chattel mortgage to secure the payment of said note. Among other things, this mortgage provided that the holder of the note should have the option to mature the entire obligation upon default in payment of any one of the installments or should said automobile be sold without the consent of the holder. The note and mortgage were assigned to Bacon Securities Company in due course and for a valuable consideration. Thereafter negotiations were entered into between Travis Roberts and Cecil Dodson for the sale by the former to the latter of the automobile. J. A. Roberts was away from home when these negotiations were begun, and no trade was made until his return. Upon being advised by his son of the proposed sale, J. A. Roberts had his son, Travis, invite Cecil over to his (Roberts') house for the purpose of going over the terms of the proposed sale, and, with Roberts and the two minors present, an agreement was made to the effect that Cecil should pay $77.80 and assume the balance owing to Bacon Securities Company on the installment note. No bill of sale was executed, but possession of the car was delivered to Cecil. Under this agreement Bacon Securities Company was not to be notified of the sale, but it was agreed that, as each installment on the note became due, Cecil was to pay the amount thereof to J. A. Roberts, who would in turn pay it to Bacon Securities Company. The cash bonus of $77.80 was paid in two or three installments by Cecil Dodson to J. A. Roberts. Two of the installments of $30.20 were likewise paid to and accepted by J. A. Roberts, who in turn paid them to Bacon Securities Company on or about their due date. When the third installment became due, Cecil tendered the amount thereof to J. A. Roberts, who refused to accept same, because he stated that the holder of the note had elected to declare the entire amount due. Effort was then made by Cecil to pay the installment directly to Bacon Securities Company, but it declined to accept same unless the entire unpaid balance was likewise tendered.

This suit was instituted by Bacon Securities Company, and a personal judgment was obtained against J. A. Roberts for the amount of its note, with interest, attorneys' fees, etc., and a foreclosure of its mortgage lien was decreed as against J. A. Roberts, Travis Roberts, and Cecil Dodson, all of whom were defendants. Possession of the automobile was taken by the plaintiff under a writ of sequestration.

To this suit Cecil Dodson, by his father as

next friend, filed an answer and 'a' cross-action over against plaintiff and J. A. Roberts and son, Travis. The only material part of that cross-action which we need to consider is that in it Cecil repudiated the contract whereby he purchased said automobile and sought judgment against plaintiff and J. A. Roberts for $138.20, the amount of money actually parted with by him as payments on said automobile, and against the minor Travis Roberts for all sums for which the said Travis Roberts might be shown to be liable. Upon a trial of the case before the court without the aid of a jury, judgment was rendered in favor of the plaintiff as above indicated. On defendant Cecil Dodson's cross-action judgment was rendered in his favor against J. A. Roberts for $60.40, with 6 per cent. interest thereon from the date of the judgment until paid. This sum represented the amount paid by Cecil Dodson to J. A. Roberts on the two installments mentioned above. The judgment decreed that the costs should be paid one-half by J. A. Roberts and one-half by Cecil Dodson. It then has the following finding and decree:

"In regard to the $77.80, for which the defendant Cecil Dodson asks judgment, the court finds that same was paid by him to the minor, Travis Roberts, as a bonus for said car, and that the trade for said car was entirely between said two minors, Cecil Dodson and Travis Roberts, and that Travis Roberts received said sum of money, and appropriated it for his own use and benefit, and has spent same, and now has no property or other money, and it is the judgment of the court that said defendant Cecil Dodson do not recover any of said sum of money from either the plaintiff or any other defendant herein."

Both J. A. Roberts and Cecil Dodson excepted to said judgment and gave notice of appeal, but the former did not perfect his appeal, and the case is brought here by Cecil Dodson, complaining of that portion of the judgment above quoted. The sole question raised by the assignments relates to the correctness of the portion of the judgment above quoted. No assignment complains of the action of the trial court in denying appellant any relief on his cross-action against the plaintiff Bacon Securities Company, but the judgment denying him a recovery against J. A. Roberts and his son, Travis Roberts, for the bonus money paid by him, amounting to $77.80, is challenged.

[1] As to his claim against the minor Travis Roberts, we think the judgment was correct. As a basis for his right to recover against the minor, it was necessary for him to prove that the money received by the minor had not been spent by him, but was still in his possession, either in the form in which he received it, or in the form of other property in which he had invested it. His proof failing in that regard, no judgment would have been authorized against Travis Roberts.

If both parties to a sale are infants, the buyer cannot recover the purchase price which the seller has spent. Drude v. Curtis, 183 Mass. 317, 67 N. E. 317, 62 L. R. A. 755.

[2] It is contended by appellant that Travis Roberts was a party to a fraud perpetrated upon him, for which reason personal liability attached. This contention cannot be upheld. There was no tortious act on the part of Travis Roberts in obtaining the money. All of the money was paid in accordance with the terms of the contract, which had in it no element of fraud. When money is paid to an infant on a contract, voidable at the election of the infant, the party so paying it must be held to have consented that the infant should spend it. To hold that the infant cannot be held under contract for his failure to pay back under such circumstances, but that he can be held to do so in tort, based upon his mere failure to pay back, is tantamount to taking away that protection which the law throws around the infant. Upon that theory money lent to an infant could be recovered by alleging a tort based upon his failure to return it. The judgment of the trial court in favor of the minor Travis Roberts will be affirmed.

[3] As to the liability of J. A. Roberts, a very different question is presented. He was personally present, participated in, sanctioned, allowed, and confirmed the contract for the sale of the car to appellant. Every dollar of the money paid by appellant under the contract was paid to J. A. Roberts. Every dollar of the money which is in controversy in this appeal was deposited by J. A. Roberts in his own name in his personal account at the bank. He had actual knowledge at all times that appellant was a minor. After this money was deposited in the bank, the evidence discloses that J. A. Roberts checked out $50 thereof and applied same to the payment of a note owing to the bank upon which he was personally liable; the note having been executed by Roberts and his son, Travis. The facts further disclose that, of the remaining $27.80 of this money, $27.20 thereof was received by Travis Roberts by means of a check drawn on the bank by the wife of J. A. Roberts. It is immaterial to a disposition of the case that, after receiving and depositing this money in his own name, J. A. Roberts, or his wife, paid a portion thereof to Travis, and that a portion thereof was used in discharging the note of J. A. Roberts and Travis Roberts. In the case of Searcy v. Hunter, 81 Tex. 644, 17 S. W. 372, 26 Am. St. Rep. 837, it is held that, when an infant repudiates his contract for the sale of real estate, he is entitled to recover that real estate, even in the hands of an innocent purchaser. The same rule applies to personal property. In the case of Gage v. Menczer et al. (Tex. Civ. App.) 144 S. W. 717, the exact question involved in this case is determined.

In that case an infant who had purchased corporate stock disaffirmed the contract and sued his vendor and a bank to recover the sum paid therefor, alleging that the money which he paid for the stock was paid by his vendor to the bank. In that case allegations of fraud were made and liability of the bank was sought to be fixed by fraudulent representations on the part of one of its officers, but the decision was not based at all upon the alleged fraud, but upon the legal proposition that the repudiation of the contract by the minor rendered such contract void ab initio, leaving the bank occupying the position of having received and appropriated the minor's money, with no legal claim to set up therefor. This decision is sound in principle.

[4] It is suggested by appellee that, since the money paid by appellant was earned by him, this money belonged to his father, and that therefore appellant made no case entitling him to judgment for the return thereof. The father of appellant directed this suit as next friend, and also testified as a witness for appellant. By bringing this action in the name of the infant as his next friend, appellant's father would be thereby estopped from afterward asserting a personal claim inconsistent with that of the infant. 14 R. C. L. p. 282, § 51. His action in asserting in court that the money belonged to his minor son evidenced a relinquishment by him of the money to his son. The syllabus in the case of T. & P. Ry. Co. v. Morin, 66 Tex. 225, 18 S. W. 503, would make it appear that the Supreme Court of this state is not in accord with the cases cited by the text in support of the rule as laid down in R. C. L. supra, but a careful consideration of that case leads to the conclusion that no different rule is announced. In fact, in that opinion Justice Stayton clearly distinguishes the case from the case of Abeles v. Bransfield, 19 Kan. 16, thereby impliedly approving that case.

This court is this day handing down an opinion in the case of Dell Hardin v. Annie E. Hardin (Tex. Civ. App.) 1 S.W.(2d) 708, holding that, when a person in his official capacity is a necessary party defendant to a suit, a judgment in his favor in his individual capacity only when he was not sued and did not appear in his official capacity, cannot be sustained. The holding in that case is in nowise in conflict with the rule which would forbid appellant's father in this case from hereafter asserting a cause of action in his name individually against the appellees. In the Hardin Case the defendants were not in court in their representative capacity, and did not relinquish any rights which they enjoyed in that capacity, while in the instant case appellant's father was before the court, and by his action in asserting that the money belonged to his minor son, relinquished his right thereto and estopped himself from

thereafter asserting that the money did not belong to his son. Appellees were not prejudiced by the fact that the cross-action in this case was brought by the minor through his father as next friend, and their contention in this regard is overruled.

It is our order that the judgment of the trial court be reformed so as to award appellant a recovery of $138.20 and all costs both in the trial court and in this court against J. A. Roberts in lieu of the amount awarded appellant in the trial court, and that the judgment of the trial court, as so reformed, be affirmed.

Reformed and affirmed.