BEATRICE DELLAMANO *vs.* MARY G. FRANCIS.

Suffolk.   March 5, 1941. — March 31, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Minor. Contract,* With minor. *Agency,* What constitutes. *Hairdresser.*

The limitations imposed by law upon the capacity of a minor respecting contracts do not prevent his making and enforcing a contract.

On conflicting evidence, a finding was warranted that one, who burned the plaintiff while treating her hair in the defendant's hairdressing establishment, was an employee of the defendant.

Nothing in G. L. (Ter. Ed.) c. 112, §§ 87T–87JJ, inserted by St. 1935, c. 428, § 2, as amended by St. 1937, c. 385, §§ 2–8, relieves a hairdresser from liability for injury to a customer resulting from improper treatment by an employee.

CONTRACT OR TORT for injury to the plaintiff during treatment in a hairdressing establishment of the defendant in which the plaintiff was a customer. Writ in the Municipal Court of the City of Boston dated December 15, 1939.

There was a finding for the plaintiff in the sum of $272 by *Spiegel*, J.

The case was submitted on briefs in this court.

*E. Consolmagno,* for the defendant.

*J. Rosenberg & P. A. Goldstein,* for the plaintiff.

Cox, J.   This is an action of contract or tort in which the plaintiff, who sues by her next friend, is described as a minor.   The Appellate Division of the Municipal Court of the City of Boston ordered the report of the trial judge, who found for the plaintiff in contract, dismissed.   The defendant's appeal from this order presents the question whether there was error in the denial of the seven rulings of law that were requested by her.

There was no error in the denial of the first two requests

which are based upon "all the evidence" and "the evidence and the pleadings" without any specifications. It was possible to make requests containing specifications touching the points argued by the defendant, and there was no compliance with Rule 28 of the Municipal Court of the City of Boston (1940). *Wainwright* v. *Jackson*, 291 Mass. 100, 101, 102. We are of opinion, however, that apart from the question whether the rule of court was complied with, there was no error in the denial of either request.

There was no error in the denial of the third request that, the plaintiff being a minor, there could be no contract between her and the defendant "in this situation." The limits of legal capacity of minors to act in their own behalf were not established to defeat the enforcement of their rights. *Bradford* v. *French*, 110 Mass. 365, 366. In the case at bar no question of the right of the plaintiff to avoid any contract that she may have made with the defendant is involved. On the contrary, she is endeavoring to assert, through her next friend, rights that she says accrued to her by virtue of a contract. See *Oliver* v. *Houdlet*, 13 Mass. 237; *Blood* v. *Harrington*, 8 Pick. 552, 555; *Guild* v. *Cranston*, 8 Cush. 506; *Smith* v. *Carney*, 127 Mass. 179, 180; *Mansfield* v. *Gordon*, 144 Mass. 168.

Requests numbered 4 and 5 are obviously directed to a possible liability in tort, and the finding of the trial judge on the contract count of the declaration rendered them immaterial.

There was no error in the refusal to give the sixth request, to the effect that the sales act, so called, had no application. There was no evidence upon which it could be posited.

There was no error in the denial of the remaining request, that the evidence did not warrant a finding that the person who treated the plaintiff's hair was the "servant of the defendant or one for whom she is liable." There was evidence that the plaintiff and her sisters went to the defendant's place of business for the purpose of having their hair treated, appointments having been made on the previous day. The plaintiff had been informed that one Remick, who had previously done some work on her hair, was "lo-

cated" at the defendant's place of business, and the plaintiff testified that she went there intending to have the Remick woman work on her hair. When the sisters arrived, they were met by the defendant who asked whether they had an appointment. They replied that "they had called up the day before." The defendant directed them to be seated. The Remick woman was working on a customer at the time. The defendant washed the plaintiff's hair and that of one of the sisters, but they informed her that they "wanted Ona Remick." The latter gave the sisters permanent waves, and in the course of this treatment the plaintiff's head was burned. The defendant did nothing beyond washing the hair. When one of the sisters asked for the price the Remick woman went into the next room to speak to the defendant, and when she returned she gave the price. She was paid $9.50 for the "permanents" and a $1 tip. The defendant testified, among other things, that when the permanent waves were completed the Remick woman asked her if she could change a $10 bill, whereupon she opened a tin box and gave her $1 in change. This was the first time the sisters had called at the defendant's place of business; they had never had any work done by the defendant prior to that day and had never known her. It is unnecessary to recite the evidence upon which it well might have been found that the Remick woman was not in the employ of the defendant, for we are of opinion that it could have been found upon other evidence, as it must have been, that the Remick woman was the servant, so called, of the defendant. We find nothing in the provisions of the sections of G. L. (Ter. Ed.) c. 112, that were inserted by St. 1935, c. 428, § 2, as amended by St. 1937, c. 385, §§ 2–8, that so affects the status of employees of persons engaged in the defendant's business as to relieve the defendant of liability on the facts that could have been found in the case at bar. The case is distinguishable from *McDermott's Case*, 283 Mass. 74.

*Order dismissing report affirmed.*