No. 135805 Municipal Suffolk, ss.

CROKE COMPANY (Adams & Blinn)
v. WILLIAMS (Berenson & Williams)

From the Municipal Court of Boston—Zottoli, J.
Argued April 14, 1941—Opinion filed Feb. 18, 1942

BARRON, J. (Putnam, C. J., and Carr, J.)—This is an action of replevin in which the plaintiff seeks to recover certain machinery and equipment. The answer is a general denial. The Court found for the plaintiff and assessed damages.

At the trial there was evidence tending to show that on June 26, 1940, an instrument purporting to be a conditional

sale agreement was executed by the plaintiff and a partner-ship composed of the defendant and one Altshuler, and signed by both Williams and Altshuler. The defendant then, unknown to the plaintiff, was a minor, and became of age on August 31, 1940, before the bringing of this writ. Altshuler was of full age.

Under the terms of the instrument, machinery and equipment were sold by the plaintiff to the partnership and consecutive monthly payments were to be made by the partnership beginning August 6, 1940, and legal title to the property was not to pass to the firm or to either partner until payment was made in full in the sum of $1,988.

Nothing was ever paid or tendered to the plaintiff. The partnership received possession of the property and had the continued use of the same from June 26, 1940, until it was replevied by the plaintiff on September 14,' 1940.

The Court found that the contract was made with a partnership which breached its contract, that the plaintiff had title and a right to the possession of the goods in question at the time they were replevied, and that the defendant acted in bad faith and attempted to gain an unjust advantage over the plaintiff, and that the defendant repudiated the contract. There was evidence to support the Court's special findings of fact.

The defendant claims to be aggrieved by the refusal of the Court to allow certain requests for rulings.

These requests are all based upon assumed facts which the Court did not find and were, therefore, properly denied. *First National Bank of Boston* v. *Sheridan,* 285 Mass. 338.

The defendant argued that inasmuch as the defendant was a minor at the time. of the execution of the contract, he was not bound to carry out his contractual obligation, that there was no demand made by the plaintiff, and that the plaintiff did not have any right to replevy the goods. The Court found, however, that the contract was a partnership one, that the property was partnership property, and that the contract was breached by the partnership, that a demand was made by the plaintiff and that the plaintiff had a right to the possession of the goods at the time they were replevied.

The defendant raises no question as to the sufficiency of the evidence to support such findings; but regardless, there is ample evidence reported to sustain the judge's findings of fact, which in turn supports the judge's finding in favor of the plaintiff.

. The infancy of one partner does not excuse the firm from its duties to the plaintiff. *Brown* v. *Hartford Fire Ins. Co.,* 117 Mass. 479.

Moreover, if the minor, when avoiding his contract, has in his possession any of the property, the act of avoiding the contract by which he acquired such property will divest him

of all right to retain the same, and the other party may re-claim it. *Drude* v. *Curtis,* 183 Mass. 317, 318.

The law provides adequate protection to an infant on his contracts, but will not sanction any fraud on his part. A minor is not permitted to "convert the shield into a sword." The defendant cannot retain and use valuable machinery, and at the same time refuse to pay for it. He cannot, because he is a minor, split up the contract, and disaffirm those terms which call for payment, and at the same time ratify those terms which give him possession. *Dana* v. *Stearns,* 3 Cush. 372.

*Report dismissed.*