*Southern Division*

*Third District Court of Bristol*

No. 9770

BRUCE STEVENS

v.

MARVEL MOTORS, INC.

*Callan, J.* This is an action of contract in which the plaintiff who is now of age seeks to rescind a contract he alleges was made between himself while a minor and the defendant for the sale of an automobile and to recover the amount paid by him and interest. This case was tried with another case between the defendant (plaintiff in the other case) and the plaintiff's mother (defendant in the other case) and such facts as were found in that case and are material in this case are made a part hereof by reference.

*The evidence shows* that the plaintiff while a minor discussed the purchase of an automobile with a representative of the defendant concern. The down payment and selling price were discussed. Upon learning that the plaintiff was a minor the representative of the defendant approached the plaintiff's mother and indicated that she would have to sign for her son because he was a minor. She signed the order blank and subsequently signed a conditional Bill of Sale and note which provided for monthly payments. Before the order was signed the representatives told her that she would "not get into any trouble" as her son was paying for the car and that she would not have to pay for it. The down payment for purchase

of the car was made with the plaintiff's money. Two monthly payments were made from money earned by the plaintiff. Before the sale the car was never shown to the plaintiff's mother. Thereafter the plaintiff became involved in an auto accident and his mother requested the defendant to take the car back. The plaintiff's sister took the car to the defendant's place of business and left it. The defendant later sold the car at public auction. The plaintiff became of age on March 17th, 1955 and brought suit to rescind on April 18, 1955. The plaintiff filed six requests for rulings as follows, all of which were granted:

1. The evidence warrants a finding that at the time of the making of the contract the plaintiff was a minor.

2. The contracts of infants are not void but voidable at the election of the infant upon arriving at full age.

3. Where an infant purchases an automobile, and fails to perform the contract, and the seller retakes the automobile, it not appearing that the automobile was necessary or beneficial to the infant he may avoid the contract, and recover payments made without any allowance for rent or use of the property.

4. The facts warrant a finding that the minor disaffirmed his contract within a reasonable time.

5. Minors, seeking to avoid contracts, need not use any particular words or perform any specific acts.

6. Upon the evidence and upon the law there must be a finding for the plaintiff.

The defendant filed four requests for rulings as follows:

1. If the Court finds that a written agreement was entered into by and between Rita Stevens and Marvel Motors, Inc. covering the conditional sale of a motor vehicle and that Bruce Stevens, the Plaintiff in this matter was not a party thereto, then the Plaintiff in this matter has no standing and cannot disaffirm said contract of conditional sale on the grounds of his minority even though in-

directly the Plaintiff might have benefited in some way by this contract.

2. If a minor makes payments on a written contract executed between an automobile dealer and the mother of the minor, the mother being of age, the minor is, as a matter of law, not entitled to the return of the payments so made, even though said payments may have been made by monies earned by himself, since said monies should be deemed a loan by the minor to his mother for her benefit.

3. If Bruce Stevens made any payments on a conditional sale contract, executed by his mother as a purchaser, said payment was made by him as an agent of his mother and did not create any contractual obligation between Bruce Stevens, the minor and the vendor named in said contract.

4. The earnings of a minor son, who is unemancipated, belong to the parent.

Requests No. 1 and 2 were denied as immaterial on the facts found and No. 3 was denied. Request No. 4 was granted as a correct statement of law but not applicable on the facts found.

The judge made a finding of material facts and found for the plaintiff in the sum of $300.10. The defendant claiming to be aggrieved by the denial of the defendant's requests for rulings No. 1, 2, 3 and by the granting of the plaintiff's requests the same is reported to this court for determination.

If there was a contract between the plaintiff and the defendant at the time when the plaintiff was a minor, it being voidable the plaintiff could, with certain exceptions not here material, disaffirm the same during minority and within a reasonable time thereafter. *Drude v. Curtis*, 183 Mass. 317; *Knudson v. General Motorcycle Sales Co.*, 230 Mass. 54; *Mansfield v. Gordon*, 144 Mass. 168. He could recover what he had paid. *Gillis v. Goodwin*, 180 Mass. 140. Neither would it be necessary upon disaffirmance to put the defendant *in statu quo*. *White v. New Bedford Cotton Waste Corp.*, 178 Mass. 20.

The issue is whether there was a contract between the plaintiff and the defendant. From the evidence both in the present suit as well as that in the action against the plaintiff's mother, it would appear that the defendant intended to do business on the sale of the car with the plaintiff only. The original discussion concerning the sale was with him; the car was shown to him; the down payment as well as the only monthly payments made were made by him with money he had earned and which his parents had not claimed. The only thing the plaintiff's mother did was sign the order of purchase as well as the conditional Bill of Sale. She never saw the car before being purchased and never paid any of her own money for it. Defendant's representative told her she would not have to pay for it. Seemingly the defendant had the plaintiff's mother sign papers in order that he might escape liability. *Frye v. Yasi*, 327 Mass. 724.

The judge found that the present plaintiff was the purchaser of the automobile while a minor and that it was not a necessity. There was ample evidence upon which this finding is supported. The same cannot be disturbed. *Barttro v. Watertown Square Theatre, Inc.*, 309 Mass. 223; *Adamaitis v. Met. Life Ins. Co.*, 295 Mass. 215.

The plaintiff disaffirmed his contract within a reasonable time after becoming of age. *Adamowski v. Curtis-Wright Flying Service*, 300 Mass. 281.

The defendant was not prejudiced by the denial of its request for rulings as they are all based on facts not found by the judge nor is there any error in the granting of the plaintiff's requests.

We find no error and an entry is to be made of "Report Dismissed." *So ordered.*

A. Bronspegal, for the plaintiff.
H. Hurwitz, for the defendant.