Allen R. HURWITZ, Appellant,

v.

Stanley I. BARR, an infant, by and through his mother and next friend, Thelma Barr, Appellee.

No. 3260.

District of Columbia Court of Appeals.

Argued July 8, 1963.

Decided Aug. 9, 1963.

Nathan L. Silberberg, Washington, D. C., for appellant.

Ivan J. Shefferman, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellee, an infant, purchased a motor scooter for $240 from appellant, also an infant. Approximately one week later, appellee sought to rescind the contract on the ground that the motor scooter was defective. Appellee tendered back to appellant the scooter, but appellant refused to return the purchase price. Thereafter suit was brought and judgment entered for appellee ordering the return of the purchase price upon tender to appellant of the scooter. This appeal followed.

The question presented is whether the general rule that the contracts of an infant are voidable at his option[1] applies to an executed contract between two infants. Appellant contends the rule is inapplicable. We disagree.

The law renders an infant's contracts unenforceable to protect infants from improvident bargains and injustice. It seeks to restore the infant to his position prior to contracting.[2] We feel these rules are equally applicable when both parties to the contract are infants. To hold otherwise would convert the privilege of infancy, which the law intends as a shield to protect the infant, into a sword to be.

1. Gannon v. Manning, 42 App.D.C. 206, 209 (1914).

2. Ibid.

used to the possible injury of others.[3] Indeed, appellant is apparently trying to use the privilege of infancy to enforce the contract because it is appellee who made the improvident bargain. While appellant as an infant has the option of affirming the contract, this option cannot nullify any rights or privileges which appellee, also an infant, is capable of asserting. Hence appellant cannot destroy appellee's right to rescind, and the contract was therefore voidable by appellee.[4]

Appellant also contends that there is no evidence that he is still in possession of the consideration and is capable of restoring it to appellee. He cites two cases in which the courts refused to rescind a contract between two infants because the defendant had spent the money before the plaintiff sought to avoid the contract.[5] Apparently, appellant seeks alternatively to use the privilege of infancy to disaffirm the contract and take advantage of the rule that an infant will not be held responsible for an inability to restore the consideration if it is spent or otherwise lost.[6] Nevertheless, such is not the case at bar.

▮▮ Rule 8(c) of the Court of General Sessions provides: "In pleading to a preceding pleading, a party shall set forth * * * any * * * matter constituting an avoidance or affirmative defense." An examination of the record discloses that appellant's answer failed to raise the defense of inability to restore the consideration. Further, where in an executed contract the consideration can be restored, in whole or in part, equity will treat the infant as a trustee for the other party and require restoration, on the ground that the infant is in possession of property which, in good conscience, he will not be permitted to retain when he has elected to disaffirm.[7] The record before us is devoid of any indication that appellant cannot return the purchase price upon tender by appellee of the scooter. The judgment is therefore

Affirmed.

3. MacGreal v. Taylor, 167 U.S. 688, 701, 17 S.Ct. 961, 42 L.Ed. 326 (1897). See Schmidt v. Horton, 52 Nev. 302, 287 P. 274 (1930).

4. 2 Black, Rescission and Cancellation § 306 (2d ed. 1929); Restatement, Contracts § 431, comment *b* (1932).

5. Dodson v. Roberts, 4 S.W.2d 155 (Tex. Civ.App.1927); Drude v. Curtis, 183 Mass. 317, 67 N.E. 317, 62 L.R.A. 755 (1903).

6. MacGreal v. Taylor, supra, note 3.

7. Gannon v. Manning, supra, note 1.